Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
(310) 997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAISHA HENSON, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE CREDIT, INC.,<br><br>Defendant. | Case No. 2:20-cv-11402<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** ***ET SEQ.***<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788** ***ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## **CLASS ACTION COMPLAINT**

**NOW COMES** Plaintiff, MAISHA N. HENSON, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of Defendant, NATIONWIDE CREDIT, INC., as follows:

## **NATURE OF THE ACTION**

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. MAISHA N. HENSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Torrance, California.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. NATIONWIDE CREDIT, INC., ("Defendant") is a corporation organized and existing under the laws of the state of Georgia.

7. Defendant maintains its principal place of business in Atlanta, Georgia.

8. Defendant is a debt collection agency that collects debts owed to third parties.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for and was issued a JPMorgan Chase Bank, N.A. credit card.

11. Plaintiff made charges to the credit card for personal purposes.

12. Due to financial hardship, Plaintiff defaulted on her payments on the credit card ("subject debt").

13. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(6).

14. At some point in time, the subject debt was placed with Defendant for collection.

15. On April 2, 2020, Defendant mailed Plaintiff a letter in an effort to collect the subject debt ("Defendant's Letter").

16. Defendant's Letter depicted, in pertinent part, as follows:



**Nationwide Credit, Inc.**
PO Box 15130
Wilmington, DE 19850-5130
Monday-Friday 8 AM to 6 PM  ET
1-877-770-5010
myaccount.ncirm.com

Original Creditor: JPMORGAN CHASE BANK, N.A.
Account Number: XXXXXXXXXXXX3292
Account Balance: $1,870.17
Date: 04/02/2020

ACCREDITED BUSINESS — Nationwide Credit, Inc. has a Better Business Bureau Rating of A+

Your outstanding balance with the above referenced creditor is past due and has been referred to Nationwide Credit, Inc. for collection. The Account Balance is shown above. The following options are available to help you resolve this account:

myaccount.ncirm.com
- 24-hour Access
- Make or Reschedule Payments
- Change your Contact Information
- Tell Us How You Would Like Us to Contact You
- And More...

**Secure Online Portal:** myaccount.ncirm.com is available 24 hours a day to schedule payments, negotiate alternatives, manage your account and more!
Login using your NCI ID: 20093156717 and
Password: Last four digits of your SSN

**Pay by Mail:** Send your check or money order to
NATIONWIDE CREDIT, INC.
PO Box 15130, Wilmington, DE 19850-5130
Reference your NCI ID on your check or money order

**Pay by Phone:** Toll free 1-877-770-5010

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This demand for payment does not eliminate your right to dispute this debt or inquire for more information about this debt, as described in the previous paragraphs.

We look forward to assisting you in resolving this account.

Sincerely,
Nationwide Credit, Inc.

This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose.

17. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

19. Specifically, Defendant's Letter identified "JPMorgan Chase Bank, N.A." as the "Original Creditor" but did not identify the **current creditor**.

20. Accordingly, Defendant's Letter confused Plaintiff as she was unable to determine whether "JPMorgan Chase Bank, N.A." was the "original creditor" and the current creditor or whether the debt was sold by Chase to an unknown third party.

21. In other words, just because JPMorgan Chase Bank, N.A. may have been the original creditor does not necessarily mean that it is also the current creditor.

22. Although Defendant's Letter identified the debt it sought to collect, it did not identify to whom the debt is currently owed to.

23. Specifically, Defendant's Letter did not identify the entity that "referred" the subject debt to Defendant.

24. Further obfuscating the identity of the current creditor, Defendant's Letter requested that payment be made directly to Defendant, thus raising the possibility that Defendant is the current creditor.

25. Defendant's Letter further stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

26. This language raised the possibility that the subject debt could have been sold by JPMorgan Chase Bank, N.A., but did not clarify who actually owned the subject debt.

27. Accordingly, Defendant's Letter rendered it impossible for Plaintiff to determine whether JPMorgan Chase Bank, N.A., Defendant, or an unknown third party was the current creditor to whom the subject debt is owed to.

## **DAMAGES**

28. Due to Defendant's failure to identify the current creditor, Plaintiff did not make a payment on the subject debt as the omission of the identity of the current creditor rendered it impossible for Plaintiff to determine whom she is ultimately paying.

29. This uncertainty resulted in an appreciable risk of harm to Plaintiff because her decision not to pay, which was driven by the confusion pertaining to the owner of the subject debt, raised the risk of imminent adverse credit reporting of the subject debt by the owner of the subject debt, who is presently unknown.

30. There is no question that having information regarding the entity that Plaintiff was indebted to is of substantive value and material to Plaintiff's financial affairs. *See Hahn v. Triumph*

4

*P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ...").

31. Without this critical information, Plaintiff ran the risk of making payment to an unknown entity and having her payment swallowed into a black hole.

32. The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be hard to quantify, but it is nevertheless a concrete harm. *See Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

33. Based on the foregoing, Plaintiff was deprived of her right to receive critical information required by the FDCPA and was harmed as a result thereof.

## **CLASS ALLEGATIONS**

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

36. The Putative Class is defined as follows:

> All natural persons residing in the United States (a) that received a correspondence from Defendant; (b) attempting to collect a consumer debt; (c) in which JPMorgan Chase Bank, N.A. was the original creditor; (d) that failed to conspicuously identify the creditor to whom the debt is currently owed to; (e) within the one (1) year preceding the date of this complaint through the date of class certification.

37. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from

the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity:

38. Upon information and belief, Defendant mailed thousands of similar letters to consumers nationwide.

39. The exact number of the members of the Putative Class are unknown and is not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

40. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

### B. Commonality and Predominance:

41. There are many questions of law and fact common to the claims of Plaintiff and the claims of members of the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality:

42. Plaintiff's claims are representative of the claims of the members of the Putative Class.

43. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class received the same letter and are thus entitled to the same damages.

### D. Superiority and Manageability:

44. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

45. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

46. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

47. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation:**

48. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

49. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

50. Plaintiff has retained competent and experienced counsel with substantial experience in consumer law.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

51. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violations of 15 U.S.C. § 1692g**

52. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    **the name of the creditor to whom the debt is owed**;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

53. Section 1692g of the FDCPA requires debt collectors to make certain critical disclosures to consumers, including the identity of the current creditor.

54. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

55. Specifically, Defendant violated §1692g(a)(2) by failing to identify the entity to whom the subject debt is currently owed to.

56. As set forth above, Defendant's Letter rendered it impossible for Plaintiff to decipher whom the debt is currently owed to. *Steffek v. Client Services, Inc.,* 948 F.3d 761, 763 (7th Cir. 2020) ("Regardless of who then owned the debts, the question under the statute is whether the letters identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork").

57. As set forth above, Defendant's Letter was highly confusing and impacted Plaintiff's decision to pay the subject debt, which resulted in concrete harm to Plaintiff as set forth above.

58. Assuming that JPMorgan Chase Bank, N.A. is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek,* 948 F.3d at 765.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the putative class members, requests the following relief:

A. an order certifying the proposed class and the appointment of Plaintiff as the class representative;

B. a finding that Defendant violated 15 U.S.C. §1692g(a)(2);

C. an injunction prohibiting Defendant from sending similar unlawful collection letters to consumers;

D. an award of statutory damages in the amount of $1,000 to Plaintiff;

E. an award of statutory damages in the amount of $1,000 to each putative class member;

F. an award to Plaintiff for her reasonable attorney's fees and costs; and

G. any further relief this Honorable Court deems just and proper.

**COUNT II:**
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)**
**(On behalf of Plaintiff and Members of the Putative Class)**

59. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violations of Cal. Civ. Code § 1788.17**

60. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

61.     As pled above, Defendant violated 15 U.S.C. §1692g(a)(2), therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the putative class, requests the following relief:

A.  an order certifying the proposed class and appointing Plaintiff as the class representative;

B.  a finding that Defendant violated Cal. Civ. Code § 1788.17;

C.  an injunction prohibiting Defendant from sending similar unlawful collection letters to consumers;

D.  an award of statutory damages in the amount of $1,000 to Plaintiff;

E.  an award of statutory damages in the amount of $1,000 to each putative class member;

F.  an award to Plaintiff for her reasonable attorney's fees and costs; and

G.  any further relief this Honorable court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: December 17, 2020                               Respectfully submitted,

**MAISHA N. HENSON**

By: /s/ *Nicholas M. Wajda*

Nicholas M. Wajda, Esq.
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, CA 90230
(310) 997-0471
nick@wajdalawgroup.com